CIKLIN, J.,
concurring specially.
I also write separately to caution readers of this opinion that the majority opinion does not either expressly or impliedly affirm or in any way endorse the trial court’s apparent suggestion that — once a trial judge exercises his or her discretion to appoint standby counsel — the court may then attach a metaphorical asterisk by imposing limitations on the defendant’s access to his attorney’s advice and counsel.
As a trial judge for over fourteen years, I can appreciate the trial court’s exasperation quite understandably caused by the maddening indecisiveness of the defendant — perhaps even bordering on an intentional manipulation of the proceedings. Indeed, this is one of those situations that best demonstrates the exceedingly difficult job of a Florida trial judge. A truly wonderful, rewarding, and gratifying occupation indeed but one which can also cause many a sleepless night and test the patience and stamina of even the most Job-like jurist.
Because it is not clear from the record that the defendant actually tried to consult with standby counsel, I concur with the majority and affirm the conviction.
And I wholeheartedly join with Judge Levine in offering a cautionary warning to our trial court colleagues.